Dear Senator Smith:
This opinion is in response to your question asking:
 Whether or not cadastral mapping by the Missouri Tax Commission and the County Assessors constitutes the practice of land surveying as defined in the statutes?
Cadastral, when referring to maps or surveys, is defined as showing or recording property boundaries, subdivision lines, buildings and other details. See Webster's Third New InternationalDictionary.
Chapter 327, RSMo 1986, provides for the registration of land surveyors. Section 327.281, RSMo 1986, provides:
 327.281. Unauthorized practice prohibited. — No person, including any duly elected county surveyor, shall practice as a land surveyor in Missouri as defined in section 327.272 unless and until there is issued to him a certificate of registration or a certificate of authority certifying that he has been duly registered as a land surveyor in Missouri, and unless such certificate has been renewed as hereinafter specified.
Section 327.272, RSMo 1986, which defines practice as a land surveyor, provides:
 Section 327.272. Practice as land surveyor defined. — Any person practices in Missouri as a "land surveyor" who renders or offers to render, or holds himself out as willing or able to render, any service comprising the determination of the location of land boundaries and land boundary corners, the preparation of maps showing the shape and area of tracts of land and their subdivisions into smaller tracts and showing access thereto, or the preparation of official plats, or maps, of said land in this state; or who uses the title "registered land surveyor" or "land surveyor" or the word "surveyor" alone or preceded by any word indicating or implying that he is or holds himself out to be a land surveyor, or who shall by word or words, letters, figures, degrees, titles, or other description indicate or imply that he is a land surveyor or is willing or able to practice land surveying.
Chapter 137, RSMo 1986, provides the statutory scheme for the assessment of property for purposes of taxation. Section137.185, RSMo 1986, provides:
 Section 137.185. Tracts less than one-sixteenth of a section. — 1. In all cases where any person . . . may . . . divide any tract of land into parcels less than one-sixteenth part of a section or otherwise, in such manner that such parcels cannot be described in the usual manner of describing lands in accordance with the surveys made by the general government, it shall be the duty of such person . . . to cause such lands to be surveyed and a plat thereof made by a surveyor . . . which plat shall particularly describe and set forth the lots or parcels of land surveyed, as aforesaid; . . . provided, that whenever . . . tracts or parcels of land less than one-sixteenth of a section . . . outside of the limits of any incorporated city . . . have been conveyed without having been surveyed and platted . . . as herein provided; the [county] commission may require the county surveyor . . . to survey and plat such . . . tracts of land . . . at the expense of the owner of such tracts of land. . . .
* * *
Section 137.205, RSMo 1986, provides:
 137.205. Assessor to have free access to plats and maps — board to compare — omissions. — The assessor shall have free access to all landplats and maps during the time of assessment with a view to ascertain what lands are taxable; and upon the return of the assessor's books to the board of equalization, the said board shall compare the same with the plats and maps of the county; and in all cases where any lands have been omitted by the assessor, they shall be placed in the assessor's books and assessed as other lands are required to be assessed by this chapter.
Section 137.210, RSMo 1986, provides:
 137.210. Assessor to examine and compare lists — assessor's book. — The assessor shall examine and compare the list of property delivered by individuals with the plats and maps, and after diligent efforts to ascertain all taxable property in his county shall make a complete list of all the real and tangible personal property taxable by his county to be called the assessor's book.
Section 137.215, RSMo 1986, provides for the assessor's book to be divided into two parts, one of which shall be "the land list." See also Section 137.220, RSMo 1986.
Section 138.410, RSMo 1986, provides for the State Tax Commission to exercise general supervision over all the assessing officers of this state. Such section provides in part:
 138.410. General supervision — attorney general and prosecuting attorney to assist in enforcement. — 1. The commission shall exercise general supervision over all the assessing officers of this state, over county boards of equalization and appeal in the performance of their duties under this chapter and all other laws concerning the general property tax and shall institute proper proceedings to enforce the penalties and liabilities provided by law for public officers, officers of corporations and individuals failing to comply with the provisions of this chapter, and of all laws relating to the general property tax.
* * *
In State ex rel. Cassilly v. Riney. 576 S.W.2d 325 (Mo. banc 1979), the Missouri Supreme Court interpreted this section as providing the State Tax Commission has the duty, responsibility and right to exercise general supervision over all county assessing officers and the county boards of equalization. The court further stated the commission has powers commensurate with its responsibility.
The key issue appears to be whether Section 327.281
prohibits the Missouri State Tax Commission and county assessors from engaging in cadastral mapping without using the services of a registered land surveyor.
In 1968, this office faced a similar issue with respect to county surveyors. At that time, Section 344.020, RSMo 1959, provided:
 It shall be unlawful for any person to practice, or offer to practice, or to in any manner advertise or indicate to the public that he is engaged in, or will engage in the practice of land surveying in this state, without first registering with the state board of registration for architects and professional engineers, as a land surveyor.
This office in 1968 opined that county surveyors when duly qualified may perform surveys for the general public within the county for which they were elected without being a duly registered land surveyor. Missouri Attorney General Opinion No. 146, Niewoehner, 1968 (now withdrawn). Our opinion was based in part on Hayes v. City of Kansas City, 241 S.W.2d 888
(Mo. 1951) wherein the court stated:
 "The state and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication. . . ."
Id. at 892. In 1969, the General Assembly repealed Section344.020, RSMo 1959, and enacted Section 327.281. Such section as enacted in 1969 provided:
 No person, including any duly elected county surveyor, shall practice as a land surveyor in Missouri as defined in section 327.272 unless and until the board has issued to him a certificate of registration or a certificate of authority certifying that he has been duly registered as a land surveyor in Missouri, and unless such certificate has been renewed each year as hereinafter specified.
[Emphasis added.] See Missouri Attorney General Opinion No. 405, Caskey, 1971 and Missouri Attorney General Opinion No. 96, Myers, 1972, copies of which are enclosed.
Based upon the principle set forth in Hayes v. City ofKansas City, supra, and the reasoning in the opinions referenced above, we conclude the the Missouri State Tax Commission and county assessors can engage in land surveying to the extent necessary to perform their duties under the law. If cadastral mapping is necessary for them to perform their duties, they may do so without being registered as land surveyors in Missouri.
CONCLUSION
It is the opinion of this office that the Missouri State Tax Commission and county assessors can engage in cadastral mapping to the extent necessary to perform their duties under the law without being registered as land surveyors in Missouri.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 405, Caskey, 1971. Opinion No. 96, Myers, 1972.